PER CURIAM.
The defendant was indicted for first degree murder; an information was filed and the defendant pleaded not guilty. Pursuant to Rule 3.210, CrPR, 33 F.S.A., the defendant gave notice of his intention to rely upon the defense of insanity.
The jury returned a verdict of guilty of first degree murder. The defendant was sentenced to life imprisonment pursuant to Fla.Stat. § 775.082(2), F.S.A. No hearing was held pursuant to Rule 3.780, CrPR, 33 F.S.A., because the statute made a life sentence mandatory.
The only point presented by the appellant which urges error in the trial of the case against him is contained in his *449 third point on appeal. This point urges that the McNaghten test of insanity is arbitrary, unreasonable, and obsolete and is consequently a denial of substantive due process of law. This issue has so recently been decided against the position assumed by appellant that we do not discuss it further and find that it does not present reversible error. See Anderson v. State, Fla.1973, 276 So.2d 17.
Appellant’s remaining two points are as follows:
“I. Florida’s legal requirement that all persons not insane under the Mc-Naghten rule who are convicted of first degree murder be sentenced to life imprisonment violates Florida’s constitutional ban against cruel punishment where the evidence indicates the defendant suffered severe mental impairment at the time of the homicide.
“II. Florida’s legal requirement that all persons not insane under the M’Naghten rule who are convicted of first degree murder be sentenced to life imprisonment violates the due process and equal protection clauses of Florida’s constitution, as applied to a defendant who suffered severe mental impairment at the time of the homicide.”
 We hold that no error has been demonstrated under either point. Appellant’s principal emphasis in argument was upon point II which urges that the Florida mandatory life sentence for first degree murder constitutes a denial of equal protection of the law. It is urged that because there was some evidence in the trial court that he was mentally ill that he thereupon becomes a member of a class which is denied equal protection because of the mandatory life sentence. While there is evidence in the record which the jury could have believed and under which it could have found him mentally incompetent, we find no evidence in the record that the appellant belongs to a special class or group. The argument that the mandatory life sentence is discriminatory is exactly the opposite of the generally accepted meaning of “equal protection.” It has often been stated that the constitutional guarantee of equal protection of the laws requires that all persons be treated alike. See cases cited at 16 Am.Jur.2d Constitutional Law § 488. It is clear that the law under which the appellant was sentenced provides every individual convicted of first degree murder with exactly the same treatment.
Affirmed.